IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge R. Brooke Jackson**

Civil Action No. 20-cv-03761-RBJ

ESTIFANOS DANIEL OGBASELASSIE,

    Applicant,

v.

WILLIAM BARR, U.S. Attorney General,
JOHN FABRICATORE, ICE Denver Field Office Director,
CHAD WOLF, Secretary of D.H.S.,
JOHNNY CHOATE, Warden,

    Respondents.

---

## ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS

---

Before the Court is an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Application"), filed *pro se* by Applicant Estifanos Daniel Ogbaselassie on December 22, 2020. (ECF No. 1). Applicant challenges his detention by United States Immigration and Customs Enforcement ("ICE") officials at an immigration detention center in Aurora, Colorado.

On February 9, 2021, Respondents filed a Response to an Order to Show Cause why the Application should not be granted. (ECF No. 19). Applicant was given an opportunity to file a Reply, but he failed to do so within the time allowed.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per

1

curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Having considered the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application must be dismissed as moot.

**I.   BACKGROUND**

At the time Applicant Estifanos Daniel Ogbaselassie filed his Application, he was detained by ICE at the Aurora Detention Center in Aurora, Colorado. In the Application, Applicant alleges that a final order of removal was entered on May 28, 2020, but his removal to Ethiopia is not reasonably foreseeable. (ECF No. 1 at 6-8). He asserts that his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. (*Id.* at 9). He requests that the Court grant the Application and order his immediate release from custody. (*Id.* at 11).

The Court directed Respondents to show cause as to why the Application should not be granted. (ECF No. 17). On February 9, 2021, Respondents filed a Response to the Order to Show Cause. (ECF No. 19). In the Response, Respondents assert that Applicant was removed to Ethiopia on January 14, 2021, and is no longer in the United States' custody. (ECF No. 19 at 1).

Applicant has not filed anything with the Court since he filed his Application on December 22, 2020. (*See* Docket). He was given an opportunity to file a Reply to the Respondents' Response to the Order to Show Cause, where he could have disputed their assertion that he was deported, but he failed to do so.

A review of the Court's docket in this action indicates that numerous Court orders and correspondence mailed to Applicant at the ICE Detention Center in Aurora have

been returned to the Court as undeliverable. (*See* ECF Nos. 12, 13, 14, 20, 21).  On some of the returned envelopes, there is a notation that states: "Deported 1-15-2021." (ECF No. 20 at 1; *see also* ECF No. 14 at 1).

## II.     ANALYSIS

Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless [he] is in custody[.]").

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted).  Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the [action] is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted).  "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see*

*also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus application is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7.  To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, "an actual injury traceable to the [respondents] and likely to be redressed by a favorable judicial decision." *Id.* (citation omitted).

Where a habeas applicant has been released from custody, the habeas application must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation omitted) (holding that the applicant's release from detention under an order of supervision mooted his challenge to the legality of his extended detention).

In the Application, Applicant challenged the lawfulness of his continued detention. (ECF No. 1).  He asserted that his continued detention was unlawful and violated 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas* because his deportation to Ethiopia was not reasonably foreseeable. (*Id.* at 9).

4

Applicant has not filed anything with the Court contradicting Respondents' assertion that he has been deported. Further, Applicant has not filed anything indicating that he remains in custody or suffers some ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that this case is moot because Applicant has obtained the relief he requested: he has been released from detention and ICE custody. The Court finds that Applicant has failed to set forth any reason as to why his claims are not mooted by his deportation.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. First, exception (1) is not implicated because Applicant has not alleged or shown any collateral injury resulting from his former detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting applicant's argument of collateral consequences because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention"). Second, exception (2) does not apply because any concern that Applicant might be detained again for a prolonged period of time is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982). Next, exception (3), the "voluntary cessation" doctrine, provides Applicant no recourse because there is no indication that Respondents have released Applicant with the intention of later revoking that release,

5

simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).  Finally, exception (4) does not apply because this is not a properly certified class action suit. *Riley*, 310 F.3d at 1257.  Therefore, the Application will be denied as moot.

### III.    CONCLUSION

Based on the above findings, the Court concludes that Applicant's deportation and release from detention and ICE custody moots the Application.  For the reasons stated herein, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED as moot and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  It is further

**ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 8th day of March, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge